IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LYNETTE ROMANSKY,

      Plaintiff,

vs.                                                                                    CIV 17-0145 KG/KBM

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## AWARDING ATTORNEY FEES UNDER EAJA

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney Fees

under Equal Access to Justice Act *(Doc. 30).* Defendant has no objection to the amount

of the request award of attorney fees and costs, but does object to the request by

Plaintiff's attorney "that the Court include in its order that 'Defendant shall make the

EAJA fee payable to Plaintiff's Attorney.'" *Id.* at 3. Although the Court expressly finds

that an award of fees in the amount requested is reasonable in this case, it agrees with

Defendant that the award of fees and costs should be paid directly to Plaintiff rather

than her attorney.

Indeed, binding precedent requires that outcome in this case. *See Astrue v.*

*Ratliff*, 130 U.S. 2521 (2010) (EAJA fees paid to the prevailing party, not the attorney).

Plaintiff's counsel maintains that she is entitled to direct payment of the EAJA award

pursuant to her fee agreement with her client. In that agreement, "Plaintiff assigned all

right to EAJA fees and waived the requirements of the Anti-Assignment Act and agreed

that EAJA fee[s] may be made payable to Attorney López." *Id.* at 1. Such an

assignment, however, cannot authorize direct payment to Ms. López in the absence of

the Government's waiver of the dictates of the Anti-Assignment Act (AAA).[1] *See Brown*

*v. Astrue,* 271 F. App'x 741, 743 (10th Cir. 2008) ("The district court correctly held that

Mr. Brown's assignment of his right in the fees award to counsel does not overcome the

clear EAJA mandate that the award is to him as the prevailing party, and the fees

belong to him."); *see also Kerr for Kerr v. Comm'r of Soc. Sec.,* 2017 WL 4931926, *8

(6th Cir. Nov. 1, 2017) ("Unless the government waives application of the AAA in EAJA

cases, fee awards must be paid to the prevailing party, not to the party's lawyer.").

In the reply brief, Plaintiff's attorney attaches documents demonstrating that the

Commissioner has waived the requirements of the AAA on another occasion,

specifically in a case before the Ninth Circuit Court of Appeals. Yet the Government's

decision to waiver the AAA requirements in *other* cases has no bearing on the issue

here, as the Court must address specifically the "waiver inquiry" on a case-by-case

basis. *See United States v. Kim*, 806 F.3d 1161, 1164-65 (9th Cir. 2015). In the instant

case, there is no indication that the Commissioner assented to waiver of the AAA

requirements; in fact, the response brief conclusively establishes the absence of such a

waiver. Thus, Plaintiff's request that EAJA fees be made payable to her counsel will be

denied.

Wherefore,

---

1 The Anti-Assignment Act provides that "a transfer or assignment of any part of a claim against
the United States Government or of an interest in the claim . . . may be made only after a claim
is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been
issued." 31 U.S.C. § 3727(a)(1), (b). Thus, a court may declare void a claimant's assignment of
an EAJA award to her attorney that predates the district court's award of those fees.

**IT IS THEREFORE ORDERED** that attorney fees be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $3,388.80 in fees and $13.61 in costs.

**IT IS FURTHER ORDERED** that**,** if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
UNITED STATES CHIEF MAGISTRATE JUDGE